UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES ABSHER, | ) |
| | ) |
| Plaintiff, | ) |
| | )   No. 3:16 CV 150 |
| vs. | ) |
| | ) |
| DR. THOMAS, MD, et al. | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

James Absher, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE # 1) "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nevertheless, pursuant to 28 U.S.C. § 1915A, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Absher is currently incarcerated at the Indiana State Prison. He brings suit for events that transpired while he was housed there in 2015. He alleges that his hand was broken on July 18, 2015, and medical personnel placed a cast on his hand. When Dr. Thomas removed the cast from Absher's hand, Absher told Dr. Thomas that he was still

in pain and felt something was wrong. Dr. Thomas assured Absher that his hand was healed. Weeks later, a new x-ray confirmed that Absher's hand was still broken. In addition, Absher's hand was discolored and disfigured. Nevertheless, Dr. Thomas contended his hand was fine. Absher was given prescription medication for a short while, but was then told to buy pain medication from the commissary, even though Dr. Thomas knew that Absher could not afford the medication at the commissary. Absher continued to see Dr. Thomas, complaining about his hand. Dr. Thomas refused to treat Absher, telling him that his hand was healed and that "all peoples hands are purple, discolored and disfigured." (DE # 1 at 4.)

Absher then asked the medical services director, Dawn Nelson, to intervene and require Dr. Thomas to treat his pain. Nelson informed Absher that she was waiting to see if the Regional Medical Director would approve him being treated by an outside doctor. But, in the meantime, she would not interfere with Dr. Thomas' treatment and diagnosis. Despite knowing that Absher has a broken hand, the Regional Medical Director has never made a decision to approve or deny an outside doctor evaluate and treat Absher. Based on these allegations, Absher has brought an Eighth Amendment claim against Dr. Thomas, Dawn Nelson and the Regional Medical Director seeking both money damages and to be medically treated.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that

medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, i.e., the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

As a threshold matter, Dawn Nelson is an administrator, not a health care provider. Absher complains that Nelson was deliberately indifferent because she did not intervene in Dr. Thomas' treatment. This does not state a claim. Absher was being treated by a doctor at the jail.

> If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands. This follows naturally from the division of labor within a prison. Inmate health and safety is promoted by dividing responsibility for various aspects of inmate life among guards, administrators, physicians, and so on. Holding a non-medical prison official liable in a case where a prisoner was under a physician's care would strain this division of labor.

*Greeno*, 414 F.3d at 656 (*quoting Spruill v. Gillis*, 372 F.3d 218, 236 (3rd Cir. 2004)). Based on the facts alleged in this complaint, it is not plausible to infer that Dawn Nelson was deliberately indifferent to Absher's medical needs. To start, Absher was being treated by the jail doctor. Moreover, when Absher voiced his need for additional medical treatment, Ms. Nelson requested the Regional Medical Director to determine if an

outside physician should get involved in Absher's treatment. Her decision not to get involved in Dr. Thomas' treatment of Absher until the Regional Medical Director gave a medical opinion is reasonable. It is not deliberately indifferent. Because the complaint does not allege a plausible Eighth Amendment claim against Dawn Nelson, the claim against her will be dismissed.

For medical professionals, such as Dr. Thomas and the Regional Medical Director, to be held liable for deliberate indifference to an inmate's medical needs, they must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the best course of treatment does not establish deliberate indifference, nor does negligence or even medical malpractice, since "the Eighth Amendment does not codify common law torts." *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011) (quoting *Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008)).

Here, giving Absher the inferences to which he is entitled, he has alleged a serious medical need, namely, treatment of a broken hand. On the subjective prong, he claims Dr. Thomas refused to provide him with necessary medical treatment even though his need for treatment was obvious. He also claims that the Regional Medical Director knew of his condition but still intentionally delayed him receiving necessary outside medical care. Absher has alleged enough to proceed past the pleading stage against Dr. Thomas and the Regional Medical Director on an Eighth Amendment claim.

Notably, Absher does not name the Regional Medical Director. Though it is uncertain that service can be made on the Regional Medical Director, the court will order the United States Marshals Service to try. Unlike John Doe or Correctional Officer, Regional Medical Director may well be a specific enough description to identify the proper defendant. If so, the Regional Medical Director will need to move to substitute his or her name. If not, then Absher will need to conduct discovery against Dr. Thomas to obtain the name. Thereafter he can amend his complaint and then service can be effected.

For these reasons, the Court:

(1) **GRANTS** the Plaintiff leave to proceed against Dr. Thomas and the Regional Medical Director, in their individual capacities for monetary damages under the Eighth Amendment for failing to treat his broken hand;

(2) **GRANTS** the Plaintiff leave to proceed against Dr. Thomas and the Regional Medical Director in their individual capacity for injunctive relief for treatment of his broken hand because of the denial of medical treatment in violation of the Eighth Amendment;

(3) **DISMISSES** Dawn Nelson;

(4) **DISMISSES** all other claims;

(5) **DIRECTS** the clerk to transmit the summons and USM-285 for Dr. Thomas and the Regional Medical Director to the United States Marshals Service along with a copy of this order and a copy of the complaint;

(6) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Dr. Thomas and the Regional Medical Director; and

(7) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Dr. Thomas and the Regional Medical Director respond, as provided for in the Federal Rules of Civil Procedure and N.D. IND. L.R. 10-1(b), only to the claims for which the plaintiff been granted leave to proceed in this screening order.

**SO ORDERED**.

Dated: June 22, 2016

s/ James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT